## Court of Appeal, Parish of Orleans.

### MRS. BARBARA NOE, Wife of Joseph Noe, VS. MRS. AUGUSTA LABAT, Wife of John Labat.

Evidence, not relevent to any issue tendered by the pleadings, will if timely objected to, be excluded.

Appeal from Civil District Court, Division B.

B. R. Forman, for Plaintiff and Appellee.

A. Voorhies, L. Saxon, for Defendant and Appellant.

MOORE, J. This was a suit on a promissory note executed by the defendant to her own order, and by herself indorsed. An exception, so called, to the effect "that plaintiff was a married woman, and was, therefore, without legal status to acquire the note in suit," and "that Pierre Berot is the actual holder thereof, and this suit is brought in plaintiff's name for the benefit of said Pierre Berot in order, if possible, to cut off all defenses of want of consideration and unfair dealing on the part of said Pierre Berot to defendant's injury," was filed by defendant.

No action seems to have been taken on these so called exceptions by the Court a qua, but, thereafter, defendant filed her answer in these words: "Defendant reserves her exceptions, which are referred to the merits; reiterates the allegations thereof and denies all and singular plaintiffs allegations, with prayer to be dismissed with costs. "Still later defendant filed what is termed therein "her supplemental answer for the purpose of calling in warranty Pierre Berot of this city, her vendor of the grocery she now occupied, corner Ursuline Avenue & Johnson Street." Thence defendant proceeds to recite in substance, that the note sued on was issued by her to said Berot in part satisfaction and payment of the contents of a grocery which Berot had sold to defendant, that Berot failed to deliver "twenty-six 50/100 dollars worth of goods included in the sale, and delivered forty-seven dollars worth of spoilt and unsaleable goods, which said Berot agreed to deduct from the said last note." She prays that Berot be cited in warranty and that she have

judgment against him in such sum as may be adjudged against her and in favor of plaintiff.

To this call in warranty Berot excepted, and after hearing the call was disallowed and the petition or supplemental answer dismissed. This judgment was rendered and signed on the 6th of March, 1907, and from it no appeal was taken. Subsequently, to-wit, on the 4th of November, 1907, the cause as between the original plaintiff and defendant was taken up and tried and judgment rendered in favor of the plaintiff for the amount sued for. From this judgment defendant appeals.

The evidence shows that plaintiff, a married woman, was duly authorized to bring the suit; that she acquired the note for value, in good faith and before maturity from Berot, to whom the note had originally been transferred by the maker thereof.

The complaint in this Court is that defendant was not permitted by the judge *a qua* to administer proof of her defense; that the judge ruled that defendant must first establish as a condition precedent, the fact that plaintiff had acquired the note since maturity before any evidence could be administered as to the equities existing between the defendant and the original holder of the note, Berot, and that to this ruling defendant had reserved her bill.

The question propounded and which provoked the objection and the ruling, is as follows:

Q. Will you please state to the Court what you know about the transaction between Mrs. Labat and Mr. Berot, and between Mrs. Labat and Mrs. Noe?

The objection was that the evidence sought to be admitted was "irrelevant and constituting no defense."

The ruling of the Court was in these words:

"The evidence so far before the Court is that the plaintiff in this case acquired this note for a valuable consideration, before maturity. The defenses which the maker may have against the person to whom he originally gave the note is not evidence against her, unless it is first shown that she acquired the note after maturity. The objection, therefore, is well taken and is sustained. Leave is given, however, to the defendant to first prove that the note sued on was acquired by the plaintiff after maturity."

Pretermitting the question whether the reasons assigned by

93

the trial judge for his ruling were legally sound or not; that is to say, that he may or may not direct the *order* in which a litigant may present his proof, the question after all is, was the *ruling* correct, however erroneous the *reasons* therefor might be.

As we have stated, the objection to the question propounded was that it was "irrevelant and constituted no defense."

The answer to the suit, as shown, was simply a general denial. It averred, however, that it "reiterates the allegations" of her "exception," previously filed.

Now, what are the allegations of that exception under which the evidence sought to be admitted may be considered as relevant or as constituting a defense? We are advised by counsel for the appellant both in his printed and oral argument that the purpose was to show that Berot, who was the transferer of the note to plaintiff, had obtained the note by fraud; that is to say, by failing to deliver all the goods sold by him to defendant and for which the note was given as a part of the purchase price. We look in vain for any allegations in the answer, or in the "exception" which is "reiterated" in the answer, under which such evidence would be admissable, or that would constitute a defense even if received, in view of the fact that it is not charged that the present holder of the note acquired same after maturity, or, if before maturity, with knowledge of the taint. Indeed, it is not even averred in the answer and the exception which is made a part of the answer, that defendant has any defense to the note, even as against the original holder, Berot; forasmuch as the averments are simply that "Berot is the actual owner of the note, and the suit is brought in plaintiff's name for the benefit of said Berot in order, if possible, to cut off all defenses of want of consideration and unfair dealing on the part of said Berot to defendant's injury. "There is no specific allegation that defendant has any such defense even as against Berot. There is no plea of want of consideration filed as against Berot, nor is there any specific charge of "unfair" dealing on the part of said Berot." We put out of consideration any allegations made in the call in warranty. First, because it is therein specifically stated that it is filed for the purpose of calling in warranty Berot; secondly, because it prays for nothing as against defendant; and, thirdly, because it was

94

formally dismissed by the Court, without any bill, being reserved thereto, and was thenceforth regarded as constituting no part of the pleadings quoad the defendant. Under these facts the evidence was properly excluded.

For these reasons the judgment appealed from is affirmed.

Feb. 24, 1908.

Rehearing refused March 23, 1908.

Writ denied by Supreme Court April 28, 1908.